# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                                                 Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                   Fax: 718-740-2000
*Employment and Labor Lawyer*                                           Web: www.abdulhassan.com

**October 11, 2020**

**Via ECF**

Hon. Brian M. Cogan, USDJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201
Tel: 718-613-2230
Fax: 718-613-2236

<u>Re: Fleurentin-Smith et al v. Royal Care Certified Home Health Care, LLC</u>
Case No. 20-CV-02644 (BMC)
Motion for Settlement Approval

Dear Judge Cogan:

     My firm represents plaintiff in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per this Court's orders. Defendant and Plaintiff all join in urging this Court to approve the settlement as fair and reasonable – Plaintiffs write in support of the motion. Exhibit 1 is a copy of the settlement agreement signed by Plaintiff – a fully executed copy of the agreement will be provided to the Court once Defendant formally signs.

     Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages and accrued paid time off, under the FLSA and NYLL. Plaintiffs also seeks to recover penalties for violation of the wage statement and wage notice violations of the NYLL.

     Assuming, for settlement purposes only at this time, that Defendant overcome any contrary presumptions, and the weekly wages were intended to cover all hours worked, Plaintiff Fleurentin-Smith's effective hourly rate would be about $24.95/hr. and she would be owed about $12.47 per overtime hour – or about $205.75/wk. Plaintiff was employed by Defendant for about 51 weeks[1].

---

[1] The complaint states that Plaintiff Fleurentin-Smith was employed by Defendant for four years ending May 28, 2020. However, after some discovery, it appears that Plaintiff began working in June 2019.

1

We therefore have overtime wages for Plaintiff Fleurentin-Smith of about $205.75/wk x 51wks = $10,493.25. Defendant may also be able to avoid the imposition of liquidated damages if it proves a good-faith affirmative defense. Defendant also disputes the work hours alleged by Plaintiff and does not concede the accuracy of the above-referenced wage rates. In general Defendant denies Plaintiff's allegation that she is owed wages.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, and exchange of information.

Assuming Plaintiff prevails on her wage notice and wage statement claims she could be entitled to another $10,000 maximum ($5,000 each). The law as to the wage notice and wage statement claims is not settled – recovery under these claims is also not protected by the FLSA – these are NYLL claims. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

For purposes of settlement at this time, we credited Defendant's position for vacation, benefits, etc. as to the claims for Article 6 based on Defendant's representation that its written policies did not provide for such benefits and payments.

The gross settlement amount between Plaintiff Fleurentin-Smith and Defendant is $24,367, inclusive of fees and costs. (See Ex. 1 ¶ 3). Under the settlement, Plaintiff is due to receive $16,080 after costs and a 1/3 contingency fee. (See Ex. 1 ¶ 3(a)) – 12,413 for her claims in this action and an additional $3,667 as further consideration for a general release, including release of claims filed with the NYS Division of Human Rights. Even though releases are typically limited under *Cheeks*, the general releases are appropriate in this case. In this regard, Plaintiff is also receiving a release from Defendant and is receiving an additional $3,667 as further consideration for the general release. See i.e. *Kumar v. Astoria Center Inc. et al*, Case No. 19-cv-02497 (Magistrate-Judge Bulsara, April 22, 2020)(approving mutual general releases under *Cheeks*). See also *Mantalis v. Polo Soap Supplies, Inc. et al*, Case No. 19-cv-00477 (Magistrate-Judge Gold)(EDNY - January 13, 2020) (approving mutual general releases under *Cheeks*); *Hixholli v. Aqua 3065 GC LLC et al*, Case Number 19-CV-05654, ECF No. 35, page 2 ¶ 1, (Judge Netburn - SDNY, November 25, 2019)(approval of FLSA settlement agreement with mutual releases); *Contreras v. GM6 Residential Services, LLC et al*, Case No. 18-CV-12148, ECF No. 23-24, (May 23, 2019)(approval of FLSA settlement agreement with mutual releases); *Hidalgo v. Villiford Realty Corporation*, Case No. 18-CV-10017, ECF No. 23, (April 22, 2019)(approval of FLSA settlement agreement with mutual releases).

Under the settlement agreement, Plaintiff's counsel is due to receive reimbursement of Two Hundred and Thirty-Four Dollars ($234) in filing ($400), and service ($68) costs[2], plus a 1/3 contingency fee of Eight Thousand, and Forty-Four Dollars ($8,044). (Ex. 1 ¶ 3)) - consistent with the retainer agreement.[3] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also

---

[2] The filing fees and costs were evenly split between the two plaintiffs in this case.
[3] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

*Fisher v. SD Prot. Inc.,* 948 F.3d 593 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is govern by the retainer agreement and not by statutory fee-shifting provisions).

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Konate v. Best Auto Spa Corporation et al*, Case No. 19-CV-05486 (Judge Cogan)(approving a 1/3 percentage fee of $11,469 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Santiago v. CORE Facilities Management, LLC*, Case No. 19-cv-04935-(Judge Cogan)(approving a 1/3 percentage fee of $10,333 under *Cheeks*); *Elahi v. Metropolitan Garment Cleaning Inc. et al*, Case No. 18-CV-02372 (Judge Reyes – November 13, 2018)(approving a 1/3 fee of $13,047 under *Cheeks*); *Romard v. Gateway Arms Management Corp.*, Case No. 18-CV-03185 (Magistrate-Judge Reyes - September 6, 2018)(approving a 1/3 fee of $11,666 under *Cheeks*); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – approving a 1/3 fee of approximately $26,000); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Palermo v. Efficient Staffing Solutions LLC et al*, 17-CV-00658 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $9,815 under *Cheeks*); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney.").

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, the amount Plaintiff is due to receive under the settlement is not insignificant in relation to the claims, defenses, etc. Second, Defendant disputes liability and a jury can award Plaintiff less than she is receiving here or nothing. Third, there are serious disputes as to the hours worked and wages paid. Fourth, there appears to be a desire by all parties to resolve the case early and avoid the tremendous financial and non-financial costs/harms of litigation especially given the current

---

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." While time is still accruing, the hourly retainer fees exceed the 1/3 contingency fee Plaintiff's counsel is due to receive in this case.

3

COVID-19 virus situation. Finally, the settlement was the product of arms' length negotiations where the parties were represented by experienced attorneys in the area of wage and hour litigation and which was vigorously litigated by counsel on behalf of their respective clients.

  It is respectfully requested that this Honorable Court approve the settlement in this action as fair and reasonable.

  We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:** **Defense Counsel via ECF**